■ In the Matter of the Arbitration between SIDNEY DAVIS, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order of the Supreme Court, Kings County, dated April 11, 1967, which granted respondent's application to stay arbitration, modified by adding to the decretal paragraph a provision that the stay is operative " until the preliminary question of the validity of the disclaimer by the insurer in question is determined after trial in this proceeding, at which time the issue of a permanent stay may be determined." As so modified, order affirmed, without costs. The preliminary and disputed question of the validity of the disclaimer by the tort-feasors' insurer must be tried in this Supreme Court proceeding before the parties may proceed to arbitration. The question of whether respondent is entitled to a permanent stay of arbitration as against appellant should not be determined at this time. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of MICHAEL DE FAZIO, Doing Business as F. M. LIQUORS, Respondent, *v.* NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to CPLR article 78 to annul a determination of the State Liquor Authority, which disapproved petitioner's application for a renewal of his retail liquor store license, the Authority appeals from a judgment of the Supreme Court, Kings County, dated August 3, 1967, which annulled the determination and remitted the matter to the Authority for further consideration and a new determination " in accordance with the opinion of this Court" (the opinion states that the remission is for imposition of " more appropriate punishment"). Judgment modified, on the law, by striking out the direction as to the proceedings to be had upon the remission and by substituting therefor a provision that upon the remission the Authority shall decide *de novo* whether petitioner's application should be granted or denied. As so modified, judgment affirmed, without costs. No questions of fact were considered on this appeal. The first two grounds offered by the Authority, namely, that petitioner had sold liquor on credit and that he had sold liquor in excess of 15 gallons to one purchaser on at least one occasion, are supported by the evidence. However, there is no evidence to substantiate the other charges, namely, that petitioner had sold liquor at prices other than those shown on the printed price list displayed in the store and that he had sold liquor for resale. Under the circumstances, we are unable to determine to what extent the Authority's determination was influenced by the unsubstantiated grounds. Thus, " the matter should be remitted to the Authority for reconsideration in the light of the rejection of the impermissible ground, and * * * the Authority should be required to decide *de novo* whether the petitioner's application should be granted or denied " (*Matter of Rochester Colony* v. *Hostetter*, 19 A D 2d 250, 255). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ETTA HAMMER, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent, dated April 27, 1967, suspending petitioner's liquor license, for 10 days plus 5 days previously deferred, annulled, on the law, without costs. No questions of fact were considered. In our opinion the determination under review is not, in the light of the record as a whole, supported by substantial evidence. (Cf. *Matter of Kelly* v. *Murphy*, 20 N Y 2d 205.) Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.